**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HOME BUILDERS ASSOCIATION OF NORTHERN CALIFORNIA; BUILDING INDUSTRY LEGAL DEFENSE FOUNDATION, CALIFORNIA BUILDING INDUSTRY ASSOCIATION; CALIFORNIA STATE GRANGE; and GREENHORN GRANGE,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES FISH AND WILDLIFE SERVICE, MATHEW J. HOGAN, Acting Director of the United States Fish and Wildlife Service; UNITED STATES DEPARTMENT OF THE INTERIOR; and GALE A. NORTON, Secretary of the United States Department of the Interior,**<br><br>Defendants. | CV F 05-0422 AWI DLB<br><br>**ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA**<br><br>[Documents #11 and #16] |

    This is an action by plaintiffs Home Builders Association of Northern California, Building Industry Legal Defense Foundation, California Building Industry Association, California Grange, and the Greenhorn Grange ("Plaintiffs"), challenging the issuance of final rules designating critical habitat for a total of 27 species of California plaints and animals pursuant to the Endangered Species Act ("ESA").  In the instant motion, defendants United States Fish and Wildlife Service, Acting Director Matthew J. Hogan, United States Department

of the Interior, and Secretary of the Department of the Interior Gale A. Norton ("Defendants") move to transfer the case to the Sacramento Division of the Eastern District of California. For the reasons that follow, the court will grant the motion and order the case transferred.

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint in the instant action was filed on March 30, 2005. The complaint requests injunctive and declaratory relief to invalidate final rules designating critical habitat under the ESA for 27 species of California plants and animals. Of the critical habitats designated in the final rules, only the habitat for the Keck's Checkermallow lies in the territory covered by the Eastern District. The habitat designated for the Keck's Checkermallow consists of 1,085 acres in Tulare County. In contrast, a total of 9 critical habitat designations lie within the area covered by the Central district and 16 critical habitat designations lie within the area covered by the Northern District. As Plaintiffs note, the acreage designated as critical habitat for all the species that are the subject of this action totals 375,091 acres. The primary grounds for Plaintiffs' challenge to the final rules designating critical habitat are the alleged failure of Defendants' to make specific findings as to what areas are essential to the conservation of each species, to identify the physical features in each area essential to the conservation of each species, and failure generally to carry out sufficient economic and scientific analysis to support the designations.

The motion for change of venue to the Sacramento Division was filed on May 4, 2005. On May 23, 2005, California Native Plant Society, Center for Biological Diversity, and Natural Resources Defense Council ("proposed intervenors") filed a motion to intervene, which is now pending before this court. Opposition to the motion to transfer was filed on June 1, 2005, and a reply was filed on June 22, 2005.

## LEGAL STANDARD

The general venue statute provides, with respect to suits brought against officers or employees of the United States:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as

otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional parties may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

28 U.S.C. § 1391(e).

Section 1391(e) only applies to actions in which the defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority. Gilbert v. DaGrossa, 756 F.2d 1455, 1460 (9th Cir. 1985). The purpose of section 1391(e) is to permit an action which is essentially against the United States to be brought locally rather than in the District of Columbia as would normally be required if Washington, D.C., is the official residence of the agency sued. Id. Only one of the three requirements of section 1391(e) need be satisfied in order to satisfy the venue requirement. See Ngwanyia v. Ashcroft, 2002 WL 31371947 at *1 (D. Minn. 2002). Intradistrict transfer of venue is authorized by Local Rule 3-120(f).

## DISCUSSION

It is undisputed that neither Plaintiffs nor Defendants, reside in the jurisdictional territory of the Fresno Division of the Eastern District. Thus, venue in this case may only be proper in this court, if at all, if the jurisdictional area of this division is where a substantial part of the events or omissions giving rise to the claim occurred, or a where a substantial part of the property that is the subject of the action is situated.

When the court assesses "whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." Cottman Transmission Sys. v. Martino, 36 F.3d 291, 295 (10th Cir. 1994). This assessment requires that the court "focus on the actions of the defendant, not the plaintiff." A.J. Taft Coal Co., Inc. v. Barnhart, 291 F.Supp.2d 1290, 1308 (N.D. Ala. 2003). When the court examines the complaint in this case, there is no doubt the actions of the defendants that give rise to the complaint all have to do with

3

rule-setting. What Plaintiffs allege is that Defendants failed to give proper consideration to various factors in setting the rules and failed to make specific findings in promulgating the rules. The relief Plaintiffs seek is invalidation of the rules. The parcels of land referenced by Plaintiffs were designated by Defendants as a result of Defendants' rule-setting activities, but are merely the outcome of the rule-setting process which appears to be the real focus of the complaint in this case. Factors that are incidental or tangential to that conduct of defendants that is the focus of the complaint are not enough to support venue. See Cottman Transmission Sys., 36 F.3d at 294 (events or omissions that might have some tangential connection to the proposed forum not enough to support venue).

Plaintiffs contend the property that was designated as critical habitat for the Keck's Checkermallow constitutes a "substantial part of the property that is the subject of the action" and so justifies venue in this court. The acreage designated as critical habitat for the Keck's Checkermallow amounts to less than one percent of the total acreage designated as critical habitat for all the species that are the subject of this action. Other than Plaintiffs generalized contentions regarding the restrictions placed on property that is designated as critical habitat under the ESA, Plaintiffs offer no specific facts as to the property in Kern County that would support the contention that the critical habitat designated for the Keck's Checkermallow is a "substantial" part of the property that is the subject of the entire action. In fact, there are no specific contentions with regard to any of the properties designated as critic habitat that relate to specific harms suffered by particular Plaintiffs as a result of restrictions placed on the subject properties. Rather, Plaintiffs' allegations in the complaint and in the instant motion are focused not on the properties themselves, but on the process or omissions in the process by which the final rules were derived.

The court concludes the properties themselves that were designated as critical habitat are, in fact, mostly tangential to the complaint and are therefore not determinative of proper venue. However, to the extent the properties, their acreage and location may be held as germane to the complaint, Plaintiffs have failed to show that the parcel lying in Kern County that was designated

as critical habitat for the Keck's Checkermallow constitutes a "substantial" part of the property that is the subject of this suit within the meaning of 28 U.S.C. § 1391(e)(2).

The court concludes it must look to actions or omissions connected with Defendants' rule-making activities themselves, rather than the critical habitat determinations that are the product of the rule-making activities, to determine whether venue properly exists with this court. Logic dictates that, to the extent rule-making activities can be held to have a locus, that locus is where the person or agency having primary responsibility for the authoring of the rule is located. Defendants have provided as an exhibit a list consisting of each critical habitat designation that is the subject of this action, and the location of the judicial district of the primary author of the rule as well as the location of the critical habitat designated by each rule. Exhibit "A" to Defendants' Memorandum in Support of Motion to Transfer Venue. The accuracy of Defendants' exhibit is not contested. None of the primary authors of the rules are located within the jurisdictional area of the Fresno Division of the Eastern District. The primary authors for four of the rules, the rules designating critical habitat for the Keck's Checkermallow, the Bay Checkerspot Butterfly, and two species of Larkspurs, are located in the Sacramento area which is within the jurisdictional area of the Sacramento Division of the Eastern District. The court concludes that, to the extent is can fairly be held that any "substantial part of the events or omissions giving rise to the claims" occurred in the Eastern District of California, those events or omissions must have occurred within the jurisdictional area of the Sacramento Division because that is the only area where any of the rule-making that is the subject of this action occurred within this district. Thus, pursuant to 28 U.S.C. § 1391(e)(2), if venue lies at all in this district, it must lie with the Sacramento Division.

Subdivision 3 of 28 U.S.C. § 1391(e) provides that if no property is involved, then venue may be appropriate where the Plaintiff resides. The court has concluded that property is only tangentially at issue in this case, consequently it is not completely clear whether the provisions of subdivision 3 of 28 U.S.C. § 1391(e) may apply. Whether the provisions of subdivision (3) apply does not change the outcome of the court's analysis. To the extent the residence of the

5

Plaintiffs might be a relevant factor in determining proper venue in this case, three of the five Plaintiffs in this case appear to reside within the jurisdictional area of the Sacramento Division and none reside in the jurisdictional area of the Fresno Division.  As Defendants point out, plaintiffs California Building Industry Association, California State Grange and Greenhorn Grange all appear to reside either in Sacramento County or in Siskiyou County, both of which are within the jurisdictional area of the Sacramento Division.  Thus, to the extent subdivision 3 of 28 U.S.C. § 1391(e) is applicable in determining venue in this case, application of that subdivision points to the Sacramento Division as the only division in this district that may have proper venue.

Defendants have opined, and the court agrees, that it is not clear whether the facts as presented here are sufficient to support venue in the Sacramento Division of the Eastern District, or in any other California district court.  It is, however, clear that venue does not properly lie in this court because no substantial part of the events or omissions giving rise to the claim occurred in within this court's jurisdictional territory.  The motion before this court is to transfer to the Sacramento Division, not to make a definitive determination of the proper venue.  Because venue in this court is not proper and because venue in the Sacramento Division *may* be proper, the motion will be granted.

It is this courts' opinion that the issue of intervention of parties should be decided by the court that will ultimately have jurisdiction over the parties.  Therefore, the motion to intervene will be denied without prejudice.

THEREFORE, in accordance with the foregoing discussion, it is hereby ORDERED that:

1. The motion by proposed intervenors to intervene is DENIED without prejudice.
2. Defendants' motion to transfer this action to the Sacramento Division of the Eastern District is GRANTED pursuant to Local Rule 3-120(f).
3. The Clerk of the Court shall transfer this action to the United States District Court for the Eastern District of California sitting in Sacramento, California; and
4. All future filings shall reference the new Sacramento case numbers to be assigned by that court and shall be filed in accordance with the rules of that court.

IT IS SO ORDERED.

**Dated:    July 6, 2005**                                    **/s/ Anthony W. Ishii**
h2ehf                                                                  UNITED STATES DISTRICT JUDGE